[No. 1267-1.     Division One—Panel 2.     May 30, 1972.]

THE STATE OF WASHINGTON, *Petitioner*, v. LARRY RAY KRIEG, *Respondent*.

*Robert A. Schillberg, Prosecuting Attorney,* and *Arnold M. Young, Deputy,* for petitioner.

*Archie Baker,* for respondent.

PEARSON, J.—Defendant Larry Ray Krieg, was charged with negligent homicide as the result of a death caused by an automobile accident. At a pretrial hearing, the Superior Court for Snohomish County granted defendant's motion to suppress the results of a breathalyzer test administered shortly after the accident. The state has applied for a writ of certiorari to review the ruling. We deny the writ.

Although the state trooper did give defendant the constitutional warnings required by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), the state concedes that he failed to give the warnings contained in the italicized part of RCW 46.20.308(1), as set forth in the margin.[1]

---

[1] RCW 46.20.308(1) provides: "Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The

The state makes the following contentions: (1) If the statutory warnings required by RCW 46.20.308 (1) were applied to a prosecution for negligent homicide, a conflict would exist with RCW 10.79.015, which empowers a magistrate to issue a search warrant authorizing a search and seizure of any evidence material to an investigation or prosecution of any felony; (2) the statutory warnings are applicable only when implied, not express, consent is relied upon; (3) the statutory warnings apply only to the two offenses described in RCW 46.20.308 (1), *i.e.*, driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor; and (4) even if the statutory warnings do apply, failure to give them does not render the *evidence* inadmissible, but merely makes the statutory presumptions contained in RCW 46.61.506 inapplicable.

The state's contention that the application of the warnings would make the implied consent statute conflict with the search warrant statute is not persuasive. The search warrant statute, RCW 10.79.015, provides, in part:

> Any such magistrate, when satisfied that there is reasonable cause, may also, upon like complaint made on oath, issue search warrant in the following cases, to wit:
>
> . . .
>
> (3) To search for and seize any evidence material to the investigation or prosecution of any homicide or any felony.

The portion of the implied consent statute which the state contends conflicts, RCW 46.20.308 (1), reads: "Unless

test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. *Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506.* The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. Unless the person to be tested is unconscious, the chemical test administered shall be of his breath only." (Italics ours.)

the person to be tested is unconscious, the chemical test administered shall be of his breath only."

An axiomatic rule of statutory construction is that when two statutes relate to the same subject matter and are not actually in conflict, they should be interpreted to give meaning and effect to both, even though one statute is general in operation and the other is special. *Davis v. King County*, 77 Wn.2d 930, 468 P.2d 679 (1970). When the two statutes are read in this light, it is readily apparent that the search warrant statute applies to searches in general. The implied consent statute is a limiting statute specially enacted to govern the chemical or blood testing of a driver suspected of being intoxicated. In this narrow situation, the implied consent statute controls. The search warrant statute controls in all other situations when it is not specially limited.

The state's contention that the warnings apply only when implied, not express, consent is relied upon, is not valid. By its own terms, RCW 46.20.308(1) provides that any person who drives on the highways shall be deemed to have consented to a chemical test of his blood or breath. RCW 46.20.308(2) and (3) provide that a person may withdraw his consent.

Thus, consent is no longer an issue in this state, since all drivers have consented *in advance* to testing for the presence of alcohol. The issue becomes one of deciding whether the officer complied with the statute in such a fashion as to adequately apprise the driver of his right to *withdraw* his consent. Since no statutory warnings were given in this case, the officer did not meet that burden.

Clearly, the Miranda warnings did not obviate the necessity for giving the statutory warnings, because there is no constitutional right to refuse to take a breathalyzer test. *Schmerber v. California*, 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966); *State v. McCabe*, 1 N.C. App. 237, 161 S.E.2d 42 (1968). Only the statutory warnings can apprise a driver of his right to refuse the test.

The state further contends that the statutory warnings

apply only to the two offenses described in the statute, *i.e.,* *driving* or *being* in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The state cites *Hoffman v. State,* 160 Neb. 375, 70 N.W.2d 314 (1955) as support for this position.

The *Hoffman* case, however, does not support the state's contention. That case was a prosecution for "motor vehicle homicide," under section 28-403.01, R.S.Supp. 1953 Laws of Nebraska. The narrow issue decided was that the statutory presumptions of intoxication did not apply to a prosecution for motor vehicle homicide.

The presumption statute, section 39-727.01, R.R.S. 1943 Laws of Nebraska, provided:

> Sec. 2. In any criminal prosecution for a violation of section 39-727 relating to driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's body fluid at the time alleged, as shown by chemical analysis of the defendant's blood, spinal fluid, or urine, shall give rise to the following rebuttable presumptions: . . . (3) if there was 0.15 per cent or more by weight of alcohol in the defendant's blood, spinal fluid, or urine, it shall be presumed that the defendant was under the influence of intoxicating liquor at the time the specimen was taken.

The section of the implied consent statute to which the presumption statute referred, section 39-727, R.S.Supp., 1953 Laws of Nebraska, provided:

> It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug. Any person who shall operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug shall be deemed guilty of a crime . . .

■ The distinction between Washington's implied consent statute and the implied consent law in effect in Nebraska at the time of the *Hoffman* decision is readily apparent. The Washington implied consent statute has the additional phrase "if arrested for *any offense* where, . . .

the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor." (Italics ours.) The phrase "any offense" is modified by the phrase "where . . . the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor." Thus, the statutory warnings apply to any offense which has as one of its elements either (1) driving while under the influence of intoxicating liquor, or (2) being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

The negligent homicide statute, RCW 46.61.520(1), provides:

> When the death of any person shall ensue within three years as a proximate result of injury received *by the driving of any vehicle* by any person while *under the influence of or affected by intoxicating liquor* or narcotic drugs as defined in chapter 69.33 RCW or dangerous drugs as defined in chapter 69.40 RCW or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

(Italics ours.) Since driving while under the influence of intoxicating liquor is an alternative element of negligent homicide, the warnings required by the implied consent statute apply to prosecutions for negligent homicide where intoxication is the foundation of the charge.

We do not agree with the state's final contention that even though the statutory warnings apply, the failure to give them does not affect the admissibility of the results of the test, but only renders the statutory presumptions contained in RCW 46.61.506 inapplicable.

Such a contention would be directly contrary to RCW 46.61.506(2), which provides:

> Upon the trial of *any civil or criminal action* . . . alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount

. . . as shown by chemical analysis of his blood, breath or other bodily substance *shall give rise to the following presumptions*:

(Italics ours.)

The clear import of this statute when considered with the implied consent statute is that the presumptions are to apply to any civil or criminal action where the tests have properly been administered to a properly informed defendant.

The policy which this state has adopted with reference to evidence obtained by unlawful means was succinctly stated in *State v. Miles*, 29 Wn.2d 921, 927, 190 P.2d 740 (1948):

It is beneath the dignity of the state of Washington, and against public policy, for the state to use for its own profit any evidence that has been unlawfully obtained. [Citing cases.]

The rationale of this exclusionary policy was recently analyzed by this court in *Tabor v. Moore*, 6 Wn. App. 759, 496 P.2d 361 (1972). That analysis will not be repeated here, other than to say that no remedy is presently available for enforcement of the statutory requirements, except to exclude the evidence unlawfully obtained.

Accordingly, the writ of certiorari is denied.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied July 26, 1972.