[No. 45027. En Banc. June 15, 1978.]

POPE & TALBOT, INC., *Respondent,* v. THE DEPARTMENT OF REVENUE, *Appellant.*

*Slade Gorton, Attorney General,* and *L. E. Dreisbach, Assistant,* for appellant.

*Davis, Wright, Todd, Riese & Jones,* by *Dennis Kenny,* for respondent.

HICKS, J.—This is a direct appeal by the State of Washington, Department of Revenue, from the trial court's ruling that the levy of tax on the use of respondent's airplane in this state was not permitted by either the applicable state statute (RCW 82.12) or the United States Constitution. We affirm.

Respondent, Pope & Talbot, Inc., a foreign corporation with head offices in Portland, Oregon, owns several facilities in Washington, including a sawmill, a resort and a tree farm. On October 6, 1971, it purchased an airplane in Oregon at a purchase price of $95,000. No sales or use tax was paid to Oregon or any other state in connection with the acquisition or use of the aircraft.

Respondent uses its airplane to transport its executives and customers between Portland and its regional facilities, including those in Washington. When not in use, the aircraft is based near Portland. Maintenance of the plane was performed outside Washington.

An audit by appellant, State Department of Revenue, revealed that during the period from October 6, 1971, to December 31, 1971, the plane was flown on 22 days. On eight of those days, it took off or landed in Washington. On only one occasion did these flights involve more than one successive stop in this state. On two occasions the plane remained at Washington airports overnight.

Based upon this use of the aircraft in Washington, appellant levied a use tax against respondent. Respondent paid the tax and brought this action seeking a refund.

The matter was heard below on stipulated facts and cross motions for partial summary judgment. The trial court granted respondent's motion, holding: (1) there was no provision under the applicable statutes for the assessment of a tax on respondent's use of the airplane; and (2) the imposition of such a tax violated the commerce clause of the United States Constitution. Judgment was entered in favor of respondent in the amount of $4,403.25 representing the tax and interest paid, together with statutory costs.

Since we agree that the use cannot be taxed under RCW 82.12.020, we do not determine whether such a tax would be constitutionally permissible. RCW 82.12.020 provides:

There is hereby levied and there shall be collected from every person in this state a tax or excise for the privilege of using within this state as a consumer *any article of tangible personal property* purchased at retail, or acquired by lease, gift, repossession, or bailment, or extracted or produced or manufactured by the person so using the same, or otherwise furnished to a person engaged in any business taxable under RCW 82.04.280, subsections (2) or (7). This tax will *not apply* with respect to the use of *any article of tangible personal property* purchased, extracted, produced or manufactured outside this state until the transportation of such

article has finally ended or until such article has become commingled with the general mass of property in this state.

(Italics ours.)

Appellant argues that the actions of respondent disclosed by the audit constitute taxable use under this statute. It contends that the second sentence of RCW 82.12.020, which the trial court found exempted respondent, should not apply here because it relates only to *goods.* Appellant notes that the language in RCW 82.12.020, "finally ended" and "commingled", derives from United States Supreme Court decisions which imposed limits on the taxation of goods still in interstate transit. *Henneford v. Silas Mason Co.,* 300 U.S. 577, 81 L. Ed. 814, 57 S. Ct. 524 (1937); *Minnesota v. Blasius,* 290 U.S. 1, 78 L. Ed. 131, 54 S. Ct. 34 (1933). It argues that the statutory language should be construed no more broadly than *Henneford,* and should, therefore, be read as applying only to goods and not to instrumentalities of commerce.

■■ While we note the similarity between the language in RCW 82.12.020 and that in *Henneford,* we do not depart from the ordinary meaning of the words in a statute absent some ambiguity and/or a statutory definition. *Garrison v. State Nursing Bd.,* 87 Wn.2d 195, 550 P.2d 7 (1976). The second sentence of RCW 82.12.020 applies to the use of "any article of tangible personal property." That expression clearly includes an airplane. Appellant concedes this plain meaning by assuming that the first sentence of the statute, which contains the same language, applies to an airplane.

Appellant argues that, even if the second sentence is not limited to "goods", it does not exempt this airplane because the transportation "finally ended" when it landed here and was available for further use. We do not so construe that language. Whatever might constitute the final end of an airplane's journey, it can hardly be said to occur every time the plane lands. The word "final" connotes something more ultimate and substantial than that. Nor do we agree that

the quantum of activity revealed by the audit in this instance constitutes a final end of transportation, where the aircraft was home–based in another state.

Appellant asserts that unless the second sentence of RCW 82.12.020 is limited to goods, RCW 82.12.030(4), which exempts the interstate use of an airplane "for hire", would be rendered meaningless. It contends that since the interstate use would not, in any event, be taxable under RCW 82.12.020, the exemption in RCW 82.12.030(4) would be surplusage. We disagree. Under RCW 82.12.020, the transportation of an airplane might be found to "finally end" in Washington when it is home–based here, and thereby acquires a tax situs. In that event, the plane would be subject to the use tax unless exempted by RCW 82.12.030(4) or some other provision.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.