[No. 45486. En Banc. December 7, 1978.]

VITA FOOD PRODUCTS, INC., *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*Carl G. Koch* and *Terence P. Lukens* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*), for appellant.

*Slade Gorton, Attorney General,* and *Dennis D. Reynolds, Assistant,* for respondents.

*John K. Hoerster* on behalf of Quileute Indian Tribe, amicus curiae.

BRACHTENBACH, J.—This is a tax case. The State has imposed a "privilege fee" upon certain fish handlers, RCW 75.32.030, who are the "original receivers" of such fish. Plaintiff sought a declaratory judgment that it was not an "original receiver" as defined in RCW 75.32.080. The trial court granted the State's motion for a summary judgment. We reverse.

The facts are that the Quileute Indian Tribe operates on its reservation a fish processing plant which purchases fish from Indians and non–Indians. The tribe processes those fish for resale to others, including to the plaintiff.

The statute levies the privilege tax upon the original receiver which is defined as "the person first receiving, handling, dealing in, or dealing with the fresh . . . fish . . . within the state of Washington . . ." The Tribe is the first person physically receiving and dealing in the fish within the activities described in the statute. However, the State argues that since the Quileute Tribe is beyond the taxing jurisdiction of the State, the statute was intended to apply to the first person receiving the fish which is subject to the taxing jurisdiction of the State.

██ The statute is clear on its face. It defines the original receiver as the first person actually, physically receiving the fish.

■ We should not and do not construe an unambiguous statute. *Pope & Talbot, Inc. v. Department of Revenue,* 90 Wn.2d 191, 194, 580 P.2d 262 (1978); *Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 494 P.2d 216 (1972). The State would have us add words to the statute to ascribe legislative intent, *i.e.,* that the legislature meant the first receiving person to mean the first person over whom taxing authority may be asserted. It is not within our power to add words to a statute even if we believe the legislature intended something else but failed to express it adequately. *Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 403, 573 P.2d 10 (1977); *Allen v. Employment Security Dep't,* 83 Wn.2d 145, 148, 516 P.2d 1032 (1973).

■ The next point is that if there is doubt as to the meaning of a taxing statute, it is to be construed in favor of the taxpayer and against the taxing body. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973).

Finally, our conclusion is buttressed by subsequent legislative action. After this lawsuit was commenced the legislature, at the request of the Department of Fisheries, amended the statute to define original receiver as a person, described above, "within the jurisdiction of the state of Washington." Laws of 1977, 1st Ex. Sess., ch. 327, § 27.

■ The presumption is that every amendment is made to effect some material purpose. *Childers v. Childers,* 89 Wn.2d 592, 596, 575 P.2d 201 (1978); *Graffell v. Honeysuckle,* 30 Wn.2d 390, 400, 191 P.2d 858 (1948). An amendment of an unambiguous statute clearly indicates that the change is material. *Allen v. Employment Security Dep't, supra* at 150. The State cannot have it both ways. It contends that the prior statute was clear and imposed a tax and then argues that the amendment, made at its request, was meaningless. That is inconsistent.

The summary judgment is reversed and the cause remanded for entry of a declaratory judgment in favor of the plaintiff.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.