[No. 8211–6–I.   Division One.   February 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. LENNIE TODD CAIN, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David R. Lord, Deputy,* for respondent.

RINGOLD, A.C.J.—In a juvenile court bench trial, Lennie Todd Cain was found guilty of rape in the first degree and robbery in the first degree, both offenses committed while armed with a deadly weapon.

The rape was committed by Cain's insertion of his fingers into the victim's vagina. At the close of the State's case the defense moved for dismissal contending that the State did not prove an act of sexual intercourse as required by former RCW 9.79.140. The sole issue presented here is whether a finger is "an object" within the definition of sexual intercourse given in former RCW 9.79.140(1)(b).

## RELEVANT STATUTES

In relevant part the statutes provide:

A person is guilty of rape in the first degree when such person *engages in sexual intercourse* with another person not married to the perpetrator by forcible compulsion . . .

(Italics ours.) RCW 9.79.170(1).

(1) "Sexual intercourse" (a) has its ordinary meaning and occurs upon any penetration, however slight, and

(b) Also means any penetration of the vagina or anus however slight, *by an object,* when committed on one person by another, whether such persons are of the same

or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, . . .

(Italics ours.) Former RCW 9.79.140(1).

(1) A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

. . .

(2) For purposes of this section, "sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

Former RCW 9A.88.100.

Cain contends that neither the statute, former RCW 9.79.140(1)(b), nor dictionary definitions define "object" as being sensate, and the definition must therefore exclude something sensate, such as a finger. Cain points to the definition in *Webster's Third New International Dictionary* (1976) which defines an object as "something that is put or may be regarded as put in the way of some of the senses: a discrete visible or tangible thing". The State counters, however, that *Webster's New World Dictionary* (2d ed. 1975) defines "object" as: "a person or thing to which action, thought, or feeling is directed". Thus the State contends a person can be an object and a part of a person, to wit, a finger, can also be an object.

Words in statutes are to be understood in their ordinary and popular sense. *Pope & Talbot, Inc. v. Department of Revenue,* 90 Wn.2d 191, 194, 580 P.2d 262 (1978). Words in a statute must be given the usual and ordinary meaning unless a contrary intent appears. *Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977). While criminal statutes must be construed strictly in favor of the accused, *State ex rel. McDonald v. Whatcom County District Court,* 92 Wn.2d 35, 38, 593 P.2d 546 (1979), they should not be so overstrictly construed as to defeat their purpose. *State. v. Rinkes,* 49 Wn.2d 664, 306 P.2d 205 (1957). Penetration has long been an essential element of rape. *State v. Gay,* 82 Wash. 423, 144 P. 711 (1914); *State v. Boggs,* 80 Wn.2d 427,

431, 495 P.2d 321 (1972). The definition of "sexual intercourse" in RCW 9.79.140(1)(a) as given its ordinary meaning is subject to interpretation and must be considered in conjunction with subsection (b). The reading of those sections together makes it clear that the legislature did not differentiate between animate and inanimate objects. Whenever the requisite penetration occurs, by whatever object, the unlawful invasion of another person's body results. A finger is an object within the meaning and intent of the statute.

Cain further argues that the indecent liberties offense, as defined by former RCW 9A.88.100 (now RCW 9A.44.100), is more specific than the crime of rape and where a general and a specific statute cover the same subject the specific statute controls. *State v. Langworthy,* 20 Wn. App. 822, 583 P.2d 1231 (1978), *reversed on other grounds,* 92 Wn.2d 148, 594 P.2d 908 (1979). The act of digital penetration is more specifically addressed, he contends, in the indecent liberties statute and it therefore controls.

The distinguishing feature between the crimes of indecent liberties and rape is the element of penetration. The offenses are separate and distinct in their application, and where there is evidence of penetration, the prosecutor may properly charge rape. The rule relied on by Cain does not apply where, as here, the legislature has defined the two offenses with different elements in a manner that gives the prosecutor appropriate standards to use in deciding which offenders shall be charged under which statute. *See State v. Wanrow,* 91 Wn.2d 301, 588 P.2d 1320 (1978); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965).

We affirm.

ANDERSEN and CORBETT, JJ., concur.