[No. 12575–3–I.   Division One.   June 4, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT ROGERS, *Petitioner.*

*Walker & Little* and *Richard N. Little, Jr.*, for petitioner.

*David S. McEachran, Prosecuting Attorney*, and *Terrance G. Lewis, Deputy*, for respondent.

DURHAM, C.J.—Scott Rogers appeals his conviction of driving while under the influence of intoxicating liquor. He alleges that a blood test was administered without his informed consent, and that the results of the test were improperly admitted into evidence.

On February 28, 1982, Rogers was involved in an automobile accident in Bellingham. At the scene, Officer David Wright of the Bellingham Police Department noticed a strong odor of alcohol on Rogers' breath. Rogers was placed under arrest for driving while intoxicated and taken to a nearby hospital. Officer Wright told Rogers that he wished to administer a Breathalyzer test, and then read him the warnings required under the implied consent statute from a standard printed form. Rogers was informed that he could refuse to take the Breathalyzer test, that a refusal would result in his license being revoked, and that he had the right to obtain additional tests.

No Breathalyzer test was administered because of injuries Rogers had sustained to his mouth. Accordingly, Officer Wright asked Rogers if he would consent to a blood test. Rogers agreed to the test, and signed a hospital consent form to that effect. Rogers testified that it was his impression that license revocation would follow from a refusal to take the blood test, even though he was not told that. The consequences of refusing the blood test were neither raised nor discussed. Rogers was cooperative throughout the entire process, and all parties present agreed that there was no atmosphere of coercion surrounding his decision to take

the blood test.

Trial was held in Whatcom County District Court on April 22, 1982. The court denied Rogers' motion to suppress the test results, and convicted Rogers of driving while intoxicated.

Rogers contends that it was error to admit the results of the blood test. He first argues that the implied consent law, RCW 46.20.308, specifically prohibits the giving of a blood test unless the driver is unconscious, or is under arrest for negligent homicide or for driving while intoxicated and there is a reasonable likelihood that another may die because of accident–related injuries. According to Rogers, because neither circumstance was present here, there was no statutory authority to administer the blood test.

The implied consent statute[1] provides that a driver is deemed to have consented to a blood or Breathalyzer test if

---

[1]At the time of Rogers' arrest and trial, RCW 46.20.308 (1981) provided in relevant part:

"(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his choosing as provided in RCW 46.61.506. The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. *Unless the person to be tested is unconscious, the chemical test administered shall be of his breath only:* PROVIDED, *That if an individual is under arrest for the crime of negligent homicide* by motor vehicle as provided in RCW 46.61.520, *or if an individual is under arrest for the crime of driving while under the influence of intoxicating liquor or drugs* as provided in RCW 46.61.502, *which arrest results from an accident in which another person has been injured and there is a reasonable likelihood that such other person may die as a result* of injuries sustained in the accident, *a breath or blood test may be administered without the consent of the individual so arrested.*" (Italics ours.)

The implied consent law was extensively amended in 1983. However, none of the changes are relevant to the issue raised here. *See* Laws of 1983, ch. 165.

he has been arrested and the arresting officer has reasonable grounds to suspect that the person was driving under the influence of alcohol. RCW 46.20.308(1). The driver must be informed that he has the right to refuse the test, that such refusal will result in his license being revoked, and that he has the right to obtain additional tests. RCW 46.20.308(1). The purpose of this requirement is to insure that the driver has the opportunity to make a knowing and intelligent choice. *Schoultz v. Department of Motor Vehicles,* 89 Wn.2d 664, 668, 574 P.2d 1167 (1978). Accordingly, failure to completely advise the driver of his rights and duties under the statute will result in his license being reinstated if he refused consent, *see Welch v. Department of Motor Vehicles,* 13 Wn. App. 591, 536 P.2d 172 (1975), or suppression of the test results if he granted consent. *See State v. Krieg,* 7 Wn. App. 20, 23, 497 P.2d 621 (1972). If the driver refuses to take the test after receiving the required warnings, he is said to have revoked his consent, and his license may be revoked.

As Rogers correctly notes, blood tests may be administered pursuant to the statute in only two situations. First, if a driver is unconscious, a breath test is impossible and blood may be drawn. Second, if the driver is arrested for negligent homicide or for driving while intoxicated, and the arrest arises from an accident in which another person is reasonably likely to die as a result, then a breath or blood test may be administered without the driver's consent, and the driver need not be informed that he has the right to refuse. RCW 46.20.308(1). *See State v. Turpin,* 94 Wn.2d 820, 824, 620 P.2d 990 (1980). Neither circumstance was present here.

Rogers, however, misapprehends the consequences of the Legislature's refusal to authorize a blood test in this situation. We do not interpret the statute as preventing the driver's voluntary consent to a blood test, but rather as prohibiting license revocation if he refuses to consent. In other words, the implied consent law simply describes the circumstances in which a driver's license may be revoked if

he refuses to consent to a blood alcohol test. We do not believe that the Legislature intended to flatly prohibit the voluntary consent to a blood test where, as here, a Breathalyzer test is impractical.

Rogers next contends that even if the blood test was permissible, it was given without his informed consent because he was not specifically told that he could refuse the test without losing his license. Although Rogers characterizes this issue in Fourth Amendment terms,[2] his rights, if any, existed only by virtue of the implied consent statute. That statute does not require that a driver be informed that his license will not be revoked if he refuses to take a blood test. In *State v. Krieg, supra,* we held that Breathalyzer test results are inadmissible if the defendant is not fully warned of his right to refuse and the consequences of such refusal. However, the exclusionary rule recognized in *Krieg* applies only when the warnings specifically required by the statute are not given. We are unwilling to apply such a rule under the circumstances presented here. *See Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978).

The judgment is affirmed.

CORBETT and SCHOLFIELD, JJ., concur.

Review denied by Supreme Court September 21, 1984.

---

[2]Rogers argues that his consent to the blood test was not voluntary under the totality of the circumstances test. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973). Rogers' reliance upon cases defining the requirements of a consent search is misplaced. Although blood and breath tests fall within the Fourth Amendment's prohibition of unreasonable searches and seizures, a warrant is unnecessary so long as the subject has been arrested. *See Schmerber v. California,* 384 U.S. 757, 770–71, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966); *State v. Wetherell,* 82 Wn.2d 865, 869–70, 514 P.2d 1069 (1973). Thus, the voluntariness of Rogers' consent is constitutionally irrelevant.