48

[No. 19512-7-II.    Division Two.    February 7, 1997.]

PACCAR, INC., *Respondent,* v. DEPARTMENT OF REVENUE, *Appellant.*

*Christine O. Gregoire, Attorney General,* and *John S. Barnes, Assistant,* for appellant.

*D. Michael Young, Catherine A. Pree,* and *Bogle & Gates, P.L.L.C.,* for respondent.

BRIDGEWATER, J. — The Department of Revenue appeals the trial court's ruling that allows Paccar to apply a 1977-80 overpayment of Business & Occupation tax against a 1985 deficiency assessment on the same period. Paccar did not submit a refund application for the 1977-80 period until it received the 1985 assessment. We hold taxes that have become nonrefundable may not be credited against a later deficiency assessment of that same period. We reverse.

Paccar, Inc., a company that engineers, manufactures and sells heavy-duty trucks and industrial equipment, uses some of its surplus funds to make loans to its subsidiary corporations. It paid Business & Occupation (B&O)

tax on the interest it received from these loans during the period of 1977-91. Paccar and the Department of Revenue (DOR) agree that Paccar did not have to pay tax on its subsidiary interest income, and that it therefore overpaid its taxes during that period.

Despite this overpayment of B&O tax, the DOR determined in 1982 that there was a deficiency in overall tax paid by Paccar during the period of 1977-81. To calculate this figure, the DOR "netted" or combined different kinds of taxes, such as sales, use, and B&O taxes. The taxes that Paccar paid on its subsidiary interest income was expressly included in the DOR's assessment schedules. In 1983, when Paccar realized that it overpaid during that period, it paid the deficiency amount, but immediately filed a refund petition. In its refund request, it argued that the assessment was incorrect, that the DOR should have given a tax credit for the years that were audited, and that the amount of overpayment should offset the deficiency assessment. The DOR denied Paccar's refund request.

In 1985, Paccar sued the DOR in superior court,[1] arguing that it was entitled to satisfy the assessment by way of a credit for, or offset from, its overpayment of B&O taxes during the period audited. The DOR contended that, because Paccar's overpayment in that period was only B&O taxes, and the deficiency assessment included several types of taxes, the deficiency could not be applied against the assessment amount; it argued that RCW 82.32.060 did not allow netting different types of taxes against each other.[2] The DOR refunded Paccar's overpayment of B&O taxes for 1981, which was still within the refund period, but did not refund the amount of B&O tax overpaid for the years 1977-80.

---

[1]Paccar did not appeal to the board of tax appeals because, under RCW 82.32.180 and WAC 458-20-100(8), it was able to pay the assessment and sue the DOR directly in Thurston County Superior Court.

[2]Paccar has already sought and obtained relief for the years 1981-1985. Also, the DOR concedes that it netted Paccar's 1977 B&O tax overpayment against an assessment of use and other taxes. It argues, however, that its error in favor of Paccar does not establish that Paccar's position on the law is correct.

In 1995, on stipulated facts, the superior court granted Paccar's motion for summary judgment. It concluded that the deficiency assessment was incorrect because the DOR failed to consider the amount of B&O taxes that Paccar had already overpaid during that period, an amount approximating $300,000; it concluded that Paccar was, instead, entitled to a refund of the entire deficiency amount assessed in 1982 for tax years 1977-81. The court also concluded that RCW 82.32.060 does not require that the type of tax refunded match the type of tax improperly paid. The 1985 version of that statute provided the following:

> If, upon receipt of an application by a taxpayer for a refund or for an audit of his records, or upon an examination of the returns or records of any taxpayer, it is determined by the department that within the statutory period for assessment of taxes prescribed by RCW 82.32.050 a tax has been paid in excess of that properly due, the excess amount paid within such period shall be credited to the taxpayer's account or shall be refunded to the taxpayer, at his option. *No refund or credit shall be made for taxes paid more than four years prior to the beginning of the calendar year in which the refund application is made* or examination of records is completed.

RCW 82.32.060 (emphasis added).[3]

On appeal, the DOR asks this court to reverse and remand for an order dismissing Paccar's refund action with prejudice. Though it agrees with the trial court's conclusion that Paccar overpaid its taxes, it argues that the court erred in interpreting RCW 82.32.060. That statute's time limit of four years, it argues, precluded the

---

[3]The DOR argues that this is a nonclaim statute to which the court must strictly adhere, rather than a statute of limitations to which the court may apply the equitable doctrine of substantial compliance. We need not address this issue because it is plain that Paccar's refund was not allowed by statute. Though this statute is referred to as a statute of limitations by WAC 458-20-229, it is a nonclaim statute in that it does more than extinguish the ability to seek a remedy; it creates and destroys the underlying right to a refund or credit. *Williams v. State*, 76 Wn. App. 237, 247, 885 P.2d 845 (1994); *Grub v. Fogle's Garage, Inc.*, 5 Wn. App. 840, 841-43, 491 P.2d 258 (1971) (citing *Lane v. Department of Labor & Indus.*, 21 Wn.2d 420, 425-26, 151 P.2d 440 (1944)).

trial court from offsetting a 1977-1980 overpayment against a 1982 deficiency assessment because that would, in effect, allow a refund of taxes outside the statutory refund period. The DOR also argues that the coincidence that the deficiency and refund involve the same years does not allow an offset between them. In the alternative, it argues that, if such an offset can be made, the statute does not allow an overpayment of one type of tax to offset a different type of tax. Last, it argues that the doctrine of equitable recoupment precludes Paccar from recovering its overpayment of B&O taxes.

■■ Unlike other appeals from agency actions, there is no final agency action to review because Paccar filed an original action in superior court under RCW 82.32.180.[4] In reviewing an order of summary judgment, the appellate court engages in the same inquiry as the trial court.[5] Summary judgment is appropriate " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "[6] A material fact is one upon which the outcome of the litigation depends in whole or in part.[7] We consider the evidence in the light most favorable to the nonmoving party.[8]

■■ Because this is a question of statutory interpreta-

---

[4]A taxpayer may appeal the DOR's determination to the board of tax appeals or choose to pay the tax and seek a refund directly in Thurston County Superior Court. RCW 82.32.180; WAC 458-20-100(8).

[5]*King County Fire Protection Dists. No. 16, No. 36 & No. 40 v. Housing Auth.,* 123 Wn.2d 819, 825, 872 P.2d 516 (1994) (citing *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982)).

[6]*Atherton Condominium Apartment-Owners Ass'n Bd. v. Blume Dev. Co.,* 115 Wn.2d 506, 516, 799 P.2d 250 (1990) (quoting CR 56(c)).

[7]*Atherton,* 115 Wn.2d at 516 (citing *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974)).

[8]*Gerken v. Mutual of Enumclaw Ins. Co.,* 74 Wn. App. 220, 224, 872 P.2d 1108 (citing *Stephens v. City of Seattle,* 62 Wn. App. 140, 143, 813 P.2d 608, *review denied,* 118 Wn.2d 1004 (1991)), *review denied* 125 Wn.2d 1005 (1994).

tion, it is a question of law that we review de novo.[9] This court's primary objective in interpreting a statute is to ascertain and give effect to the Legislature's intent as manifested in the statute's express language.[10] "Absent ambiguity or a statutory definition, words in a statute should be given their plain and ordinary meaning."[11] "We should not and do not construe an unambiguous statute."[12] "[I]f there is doubt as to the meaning of a taxing statute, it is to be construed in favor of the taxpayer and against the taxing body."[13]

The first question presented by the DOR is whether RCW 82.32.060 allows a taxpayer to seek an offset of a deficiency assessment using an overpayment of funds when the overpayment occurred beyond the statutory refund period. In other words, did the 1982 assessment fortuitously make Paccar's overpayment refundable when it was otherwise lost under the statute because of Paccar's failure to file a timely refund application?

Paccar argues that the trial court was correct in allowing an offset of the 1977-80 overpayment. Paccar contends that it commenced its refund action in 1985, which satisfied the statute's requirement that the action begin within four years of paying the deficiency in 1983.

█ When the taxpayer files a suit in superior court rather than exhausting administrative remedies, the refund application is considered made under the statute as of the date the court action is filed, not the date the

[9]*Palmer v. Department of Revenue,* 82 Wn. App. 367, 372, 917 P.2d 1120 (1996) (citing *Shum v. Department of Labor & Indus.,* 63 Wn. App. 405, 407, 819 P.2d 399 (1991) (additional citation omitted)).

[10]*Palmer,* 82 Wn. App. at 372 (citing *Martin v. Meier,* 111 Wn.2d 471, 479, 760 P.2d 925 (1988)).

[11]*Palmer,* 82 Wn. App. at 372 (citing *Garrison v. Washington State Nursing Bd.,* 87 Wn.2d 195, 196, 550 P.2d 7 (1976)).

[12]*Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978) (citing *Pope & Talbot, Inc. v. Department of Revenue,* 90 Wn.2d 191, 194, 580 P.2d 262 (1978) (additional citation omitted)).

[13]*Vita Foods,* 91 Wn.2d at 134 (citing *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973)).

refund petition is submitted to the agency.[14] Therefore, there is no question that a suit filed in 1985 to dispute the deficiency in 1983 is timely under the statute's four-year provision. It is also clear that the statute's four-year period allowed a refund of overpayment in 1981, as 1981 was four years before Paccar's suit in 1985; that refund was granted by the DOR before this summary judgment action began. Thus, Paccar brought this action in an attempt to get credit for the remaining years that it knew were outside of the statutory refund period. In its summary judgment motion, it argued that the remaining years could be refunded through an offset mechanism. Therefore, the question is whether a DOR tax assessment of a certain time period that has passed outside the statutory refund period triggers an offset mechanism. Such a mechanism would allow a taxpayer, who otherwise might not have known about an overpayment, to raise the issue of overpayment and have it offset against the assessment. This equitable solution was available to a taxpayer in the original version of RCW 82.32.060, which provided, in relevant part, the following:

> No refund or credit shall be allowed with respect to any payments made to the commission more than *two years* before the date of such application . . . . Where a refund or credit may not be made because of the lapse of said two year period, the amount of the refund or credit which would otherwise be allowable for the portion of the statutory assessment period preceding the two year period *may be offset* against the amount of any tax deficiency which may be determined by the commission for such preceding period.

LAWS OF 1961, ch. 15, § 82.32.060, effective June 8, 1961 (emphasis added).

By the time of Paccar's suit, the Legislature had amended the statute and removed this offset provision, making it clear that the Legislature no longer wished to

---

[14]*See Van Dyk v. Department of Revenue,* 41 Wn. App. 71, 77, 702 P.2d 472, *review denied,* 104 Wn.2d 1014 (1985).

provide this option,[15] or at least not under this section.[16] The amended statute unambiguously states that "[n]o refund or credit shall be made for taxes paid more than four years prior to the beginning of the calendar year in which the refund application is made . . . ." Former RCW 82.32.060 (1985). "Unambiguous statutory language must be given its unambiguous meaning."[17] No matter how equitable the prior offset provision seemed, "[a] court may not add words to a statute even if it believes the Legislature intended something else but failed to express it adequately."[18] When Paccar filed its suit in 1985, it was not entitled to a refund or offset of its 1977-80 overpayments.

Though Paccar conceded at oral argument that the deletion of the offset provision made refund and offset unavailable, it argued that its overpaid taxes should be "netted" against the deficiency that it paid in 1983. It failed, however, to distinguish this latter argument from the former. Whether it is seeking to net, offset, or credit its overpayment against its deficiency payment, it is nonetheless seeking to gain a refund of overpayments that it failed to contest within the four-year period. To acknowledge the overpayments in the mix of the taxes paid for the deficiency would amount to a refund in violation of the statute.

The trial court erred in granting summary judgment in favor of Paccar. A suit for refund was not commenced until 1985. RCW 82.32.060 clearly precludes any credits

---

[15]"The presumption is that every amendment is made to effect some material purpose." *Vita Foods,* 91 Wn.2d at 134 (citing *Childers v. Childers,* 89 Wn.2d 592, 596, 575 P.2d 201 (1978) (additional citation omitted)).

[16]The Washington Administrative Code explains a taxpayer's ability to offset overpayments against deficiencies under WAC 458-20-229(2)(b) and WAC 458-20--230(5). Examples of proper offsetting of overpayments against deficiencies are listed in WAC 458-20-229(6), but do not match Paccar's circumstances.

[17]*Caritas Servs., Inc. v. Department of Soc. & Health Servs.,* 123 Wn.2d 391, 409, 869 P.2d 28 (1994) (citing *State v. Smith,* 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991)).

[18]*Caritas,* 123 Wn.2d at 409 (citing *Vita Foods,* 91 Wn.2d 132).

on amounts paid outside of the four-year period, such as the overpayment that was made in 1977-80. Paccar's argument that its overpayment is entitled to consideration, no matter how artfully phrased, is time-barred. It may seem harsh to direct the trial court to ignore overpayments that occurred within the same period for which a deficiency was assessed, as if the overpayment never occurred; correction, however, rests with the Legislature. The statute expressly states that refund and credit are available only to correct overpayment if the overpayment occurred within the four-year period. Because of the basis of our decision, we need not reach other issues that were raised by the parties.

Reversed.

HOUGHTON, C.J., and DRAPER, J. Pro Tem., concur.

Review granted at 132 Wn.2d 1001 (1997).