[No. 47125-8. En Banc. December 10, 1981.]

JUNE EMWRIGHT, ET AL, *Respondents*, v. KING COUNTY, ET AL, *Appellants*.

*Norm Maleng, Prosecuting Attorney,* and *Robert D. Johns, Deputy,* for appellants.

*Hennings, Maltman, Weber & Reed,* by *Douglass A. North, Thomas B. Nast,* and *Kirk W. Jones,* for respondents.

WILLIAMS, J.—In this case we are asked to decide whether CR 38(e) authorizes the refund of jury fee deposits following the 1975 amendment to RCW 36.18.020(5), which repealed the statutory authority for such refunds.

The facts giving rise to this case are as follows:

Sometime after June 12, 1975, and before the filing of this action on July 23, 1979, respondents each were parties to lawsuits filed in King County Superior Court. Each demanded a jury of 12 and paid the $50 deposit fee required by RCW 36.18.020(5). In each instance the case was settled, the clerk of court was notified more than 3 days prior to trial, and a demand was made upon the clerk for return of the jury fee deposit. In each case, the clerk refused to return the deposit.

On July 23, 1979, respondents initiated this action for return of their jury fee deposits and sought certification as class representatives on behalf of other persons similarly situated. The trial court denied the motion for class certification on the grounds that respondents had failed to establish compliance with the class action prerequisites of CR 23(a). Upon reconsideration of the order denying class certification, the court again refused to certify the class under

CR 23(b)(3), since a class action was not deemed to be superior to other methods of fairly and efficiently adjudicating the controversy.

Respondents thereafter moved for summary judgment and the trial court granted a partial summary judgment enjoining the Clerk of the King County Superior Court from wrongfully withholding unused jury fee deposits. The order was granted prospectively only since the trial court found itself without authority to order the return of previously withheld jury fee deposits, absent a legislative appropriation. Additionally, respondents' motion for an award of attorney fees for prevailing on the above issue was denied.

Appellants seek review of the trial court's order enjoining the King County Superior Court Clerk from refusing to refund future unearned jury fee deposits. Respondents have cross–appealed and seek review of the orders denying certification as a class action, denying the return of previously withheld jury fee deposits and denying respondents their attorney fees.

This case is before us on direct review from the Superior Court. Since we hold that the 1975 amendment to RCW 36.18.020(5) (Laws of 1975, ch. 30, § 1, p. 42) eliminated the right to refunds of jury fee deposits, we deem it unnecessary to reach the other issues decided by the trial court.

The only issue which we must decide is whether the refund of jury fee deposits is a matter of "substantive law", over which the legislature has authority, or a matter of "procedural law" over which this court has authority. To determine that issue we must trace the historical background of jury fee deposits in Washington.

The legislature was the first to act in the area of establishing a jury fee deposit. See Laws of 1903, ch. 43, § 1, p. 50. The legislature was also the first to provide for the return of jury fee deposits if the case was settled out of court and notification was given not later than 2 days prior to trial. Laws of 1909, ch. 205, § 1, p. 715.

The Washington Supreme Court first acted in the area by adopting Rule of Pleading, Practice and Procedure 40 on

November 22, 1950, which became effective on January 2, 1951. That rule reads as follows:

Whenever a case has been set for trial with a jury and the jury fee deposit of twelve dollars has been made and such case is settled out of court prior to the time that it is called to be heard upon trial such jury deposit shall not be returned to the party depositing the same unless the court shall have been notified of the settlement of the case not less than three days before the time that it is set to be heard.

34A Wn.2d 106 (1951). The above rule was readopted without change as RPPP 38.04W. 54 Wn.2d lvi (1959).

In 1961, the legislature enacted RCW 36.18.020(5), which apparently modified the above court rule:

Clerks of superior courts shall collect the following fees for their official services:

. . .

(5) The party filing a demand for jury in a civil action, shall pay, at the time of filing, a fee of twenty–five dollars, and in the event that the case is settled out of court not less than twenty–four hours prior to the time that such case is called to be heard upon trial, such fee shall be returned to such party by the clerk.

Laws of 1961, ch. 304, § 1, p. 2488. The 1961 statutory language remained unchanged during subsequent reenactments in 1963, 1967, and 1970.

In the meantime, we adopted CR 38(e), effective July 1, 1967, which reads as follows:

**(e) Return of Jury Fee—When Forfeited.** Whenever a case has been set for trial with a jury and the jury fee deposit has been made and such case is settled out of court prior to the time that it is called to be heard upon trial, such jury deposit shall not be returned to the party depositing the same unless the court is notified of the settlement of the case not less than 3 days before the trial date.

71 Wn.2d lxxxvi (1967). The official comment to that section noted the following: "Subdivision (e) follows and supersedes RPPP 38.04W and supersedes the proviso to RCW 4.44.100." The proviso required at least 2 days' notice

prior to trial that a party requested a 12–person jury.

In 1972, the legislature amended RCW 36.18.020(5) and simply made a provision for demanding a jury of six, requiring a $25 fee, and raising the fee for a 12–person jury to $50. The requirement of at least 24 hours' notice for a jury fee deposit refund was retained. *See* Laws of 1972, 1st Ex. Sess., ch. 57, § 5, p. 130.

Thereafter, the Attorney General issued an opinion on the effect of the conflicting statutory language and Supreme Court rule. The Attorney General concluded that since the statute was enacted subsequent to the adoption of CR 38(e) in 1967, the statute prevailed. *See* Attorney General Letter Opinion, Jan. 8, 1973. We responded by simply readopting CR 38(e) on July 20, 1973, effective as of that date. 82 Wn.2d 1182 (1973).

In 1975, the legislature again amended RCW 36.18.020(5) by deleting the final sentence of the previous version—that final sentence dealt with the return of jury fee deposits:

> (5) The party filing a demand for jury of six in a civil action, shall pay, at the time of filing, a fee of twenty–five dollars; if the demand is for a jury of twelve the fee shall be fifty dollars. If, after the party files a demand for a jury of six and pays the required fee, any other party to the action requests a jury of twelve, an additional twenty–five dollar fee will be required of the party demanding the increased number of jurors. ((~~In the event that the case is settled out of court and the court is notified not less than twenty-four hours prior to the time that such case is called to be heard upon trial, such fee shall be returned to such party by the clerk.~~))

Laws of 1975, ch. 30, § 1, p. 42.

In 1977, the Attorney General rendered another opinion in which he opined that the 1975 provision, which eliminated the language of the 1972 version calling for return of the jury fee deposit, prevailed over the 1973 version of the Supreme Court rule since it was the latest expression on the subject. Attorney General Opinion, Sept. 27, 1977. Although it has no bearing on this case, we note that by an order dated July 14, 1981, we rescinded CR 38(e) effective

August 7, 1981. 95 Wn.2d 1106 (1981).

██ We have previously noted that definite and analytical lines marking the separation of powers often cannot be drawn and that there must necessarily be "some mingling and overlapping of powers between the three separate departments of our government." *Household Fin. Corp. v. State*, 40 Wn.2d 451, 455, 244 P.2d 260 (1952). In *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974), we set out the following methodology for differentiating between substantive and procedural matters:

> Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

(Citations omitted.) The legislature has traditionally been recognized as having authority over matters of "revenue and taxation". *Ban–Mac, Inc. v. King County,* 69 Wn.2d 49, 51, 416 P.2d 694 (1966). The Supreme Court has the inherent power to adopt procedural rules necessary to the operation of the courts. *State v. Edwards,* 94 Wn.2d 208, 212, 616 P.2d 620 (1980).

██ RCW 2.04.200 provides that rules of court adopted by the Supreme Court supersede conflicting statutory provisions. *See also State ex rel. Dep't of Ecology v. Anderson,* 94 Wn.2d 727, 731–32, 620 P.2d 76 (1980); *Petrarca v. Halligan,* 83 Wn.2d 773, 776, 522 P.2d 827 (1974). All provisions should be harmonized whenever possible, and an interpretation which gives effect to both provisions is the preferred interpretation. *See, e.g., Pearce v. G.R. Kirk Co.,* 92 Wn.2d 869, 872, 602 P.2d 357 (1979); *Williams v. Pierce County,* 13 Wn. App. 755, 537 P.2d 856 (1975).

██ We believe CR 38(e) and RCW 36.18.020(5) may be consistently interpreted if CR 38(e) is deemed merely a limitation on the statutory refund policy. This interpretation is borne out by reference to the historical background behind the original RPPP 40 and its progeny. It appears to

us that the motivation for adopting the rule, and readopting it as CR 38(e), was to provide for notification at least 3 days before the case was to be tried instead of the statutory 24 hours to 2 days. That CR 38(e) is but a limitation placed upon the statutorily authorized jury fee deposit refund is further evidenced by the negative phraseology of that rule:

> [S]uch jury deposit *shall not be returned* to the party depositing the same *unless* the court is notified of the settlement of the case not less than 3 court days before the trial date.

(Italics ours.) 82 Wn.2d 1182 (1973). In contrast, the 1972 version of RCW 36.18.020(5) provided in pertinent part:

> In the event that the case is settled out of court and the court is notified not less than twenty–four hours prior to the time that such case is called to be heard upon trial, such fee *shall be returned* to such party by the clerk.

(Italics ours.) Generally, use of the word "shall" in a statute is imperative and operates to create a duty. *See State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980). By deleting the refund provision in 1975, the legislature eliminated the duty it had previously created. We apply ordinary rules of statutory construction in construing the rules of court which we have authored. *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). We construe the "shall not . . . unless" language of CR 38(e) to impose nothing more than a procedural limitation on the legislatively created right.

After examining the operative language of the statute and our own court rule and referring to the historical backgrounds of each, we are satisfied that the court rule was intended to operate only as a limitation on the right created by the legislature. This interpretation avoids any "conflict" between the court rule and statute in question.

The 1975 version of RCW 36.18.020(5) is the latest expression on jury fee deposits and any refunds thereof. That version of the statute simply deletes the refund provision without further explanation. The legislative intent in deleting the final sentence of the statute appears clear,

however, from the floor debate of Senate Bill 2182 (Laws of 1975, ch. 30, § 1, p. 42):

> Senator Woody: "Would Senator Francis yield? Senator Francis, for legislative intent purposes, it was the intent of the Judiciary Committee that the jury fee be not refundable in that this particular Senate Bill No. 2182 if enacted into law would supersede any current court rules. Is that correct?"
>
> Senator Francis: "That is correct, Senator Woody, and I might add in further response to that that there have been proposals to raise the fee for demanding a jury to a very high figure in order to help pay for that, and we felt that it was a better way to go to try to keep the fee at the same level to reduce all the paper work involved in refunding the approximately four–fifths of all of the jury fees that are now filed in the state and just let them go ahead and make the people that actually demand a jury pay in that way for a little more of their share of the jury system, and we thought that it would be less of a deterrent and we thought that raising the fees would tend to take away the opportunity to have a jury and this way was a better way to go on that."

Senate Journal, 44th Legislature (1975), at 342. From the above quoted floor debate, it becomes apparent that the deletion of the final sentence of the 1972 version of RCW 36.18.020(5) was a matter of revenue. The reason that jury fees were no longer to be refunded was to postpone any price increases of that service. Additionally, the 1975 amendment was clearly intended to supersede the court rule, as noted in the above colloquy between Senators Woody and Francis.

The raising of revenue is clearly a matter of substantive law within the powers of the legislature. *See Ban–Mac, Inc. v. King County, supra.* When the legislature deleted the refund provision, it eliminated any right to a return of unused jury fee deposits. Since CR 38(e) is only a limitation on the statutory refund provision, it affords respondents no affirmative right in itself.

We hold, as a matter of law, that the trial court erred in granting respondents partial summary judgment enjoining

546

the Clerk of the King County Superior Court from withholding unearned jury fee deposits in the future. We remand the case to the trial court with instructions to dismiss the claims of respondents.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, DORE, and DIMMICK, JJ., concur.