[No. 26394-3-I.   Division One.   April 27, 1992.]

THE STATE OF WASHINGTON, *Appellant*, v. ANDREW THOMAS, *Respondent*.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Elaine Winters* of *Washington Appellate Defender Association,* for respondent.

WEBSTER, A.C.J. — The State appeals the trial court's order suppressing the fruits of a search warrant claiming the court erred in finding that the warrant was not timely executed. We reverse.

## FACTS

On March 8, 1989, the Everett District Court issued a search warrant for Andrew Thomas's residence. The search warrant directed that *within 10 days* the police were to seize:

ALL COCAINE THERE FOUND TOGETHER WITH THE VESSELS IN WHICH THEY ARE CONTAINED, AND ALL IMPLEMENTS, FURNITURE AND FIXTURES USED OR KEPT FOR THE ILLEGAL MANUFACTURE, SALE, BARTER, EXCHANGE, GIVING AWAY, FURNISHING OR OTHERWISE DISPOSING OF SUCH ILLICIT DRUGS AND CONTROLLED SUBSTANCES, PAPERS INDICATING OCCUPANCY OR OWNERSHIP OF RESIDENCE, SALES TRANSACTIONS AND THOSE ITEMS COVERED UNDER RCW 69.50.505[.]

Nine days later, on March 17, 1989, the warrant was executed whereby one-half ounce of cocaine was seized.[1]

Thomas was charged with possession of cocaine with intent to deliver. Prior to trial he moved to suppress the seized evidence. The court granted the motion finding that under RCW 69.50.509, a search warrant for controlled substances must be executed within 3 days. The State moved

---

[1]While the search was in progress, Thomas arrived in a motor vehicle. The officers arrested Thomas and searched the vehicle which resulted in seizure of the cocaine. A scale containing cocaine residue and a pistol were also seized from the residence.

for reconsideration, arguing that RCW 69.50.509 has been superseded by CrR 2.3. The court denied the State's motion.

DISCUSSION

We first decide whether the trial court erred in finding RCW 69.50.509 mandates that a warrant to search for controlled substances must be *executed* within 3 days of the warrant's issuance. CrR 2.3(c) sets the time limit for *execution* of a search warrant:

[The warrant] shall command the officer *to search, within* a specified period of time not to exceed *10 days*, the person, place, or thing named for the property or person specified. It shall designate to whom it shall be returned.

(Italics ours.) *See also* CrRLJ 2.3(c). RCW 69.50.509, on the other hand, sets the time limit for *return* of the warrant:

If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court, district court, or municipal court that there is probable cause to believe that any controlled substance is being used, manufactured, . . . or otherwise disposed of or kept in violation of the provisions of this chapter, such judge shall . . . issue a warrant directed to any law enforcement officer of the state, commanding him or her to search the premises designated and described in such complaint and warrant, and to seize all controlled substances there found, together with the vessels in which they are contained, and all implements, furniture and fixtures used or kept for the illegal manufacture, sale, . . . or otherwise disposing of such controlled substances, and to safely keep the same, and *to make return of said warrant within three days*, showing all acts and things done thereunder . . ..

(Italics ours.)

■ We find that the trial court erred in finding RCW 69.50.509 controls the time period for *execution* of a warrant to search for controlled substances. CrR 2.3 commands that the search take place within 10 days and clearly makes a distinction between *return* and *execution*. RCW 69.50.509 commands that when the items to be seized consist of controlled substances, the warrant must be *returned* within a 3-day period (presumably this requirement is to avoid the appearance of impropriety or the tampering of evidence).

In other words, contrary to the trial court's ruling, RCW 69.50.509 controls the return of a warrant after its execution, not the execution itself.

■ ■ We also find that even if we were to assume there was a conflict between CrR 2.3 and RCW 69.50.509 in that the rule and the statute are inconsistent, CrR 2.3 would supersede any inconsistent restrictions set out in RCW 69.50.509. The issuance of a search warrant is "a matter of procedure". *State v. Fields*, 85 Wn.2d 126, 129, 530 P.2d 284 (1975). The Washington Supreme Court "has the inherent power to govern court procedures." *Fields*, at 129. "Where a rule of court is inconsistent with a procedural statute, the court's rulemaking power is supreme." *State v. Ryan*, 103 Wn.2d 165, 178, 691 P.2d 197 (1984). As stated in *Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981):

> RCW 2.04.200 provides that *rules of court adopted by the Supreme Court supersede conflicting statutory provisions.* All provisions should be harmonized whenever possible, and an interpretation which gives effect to both provisions is the preferred interpretation.

(Citations omitted. Italics ours.)

The judgment finding that the warrant was not timely executed is reversed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

BAKER and AGID, JJ., concur.

Review granted at 120 Wn.2d 1001 (1992).