[No. 59324-8. En Banc. May 20, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDREW LLOYD THOMAS, *Petitioner*.

*Elaine L. Winters* of *Washington Appellate Defender Association,* for petitioner.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

GUY, J. — Petitioner Andrew Thomas seeks review of a Court of Appeals decision which reversed the trial court's suppression order in his favor. Thomas argues that the fruits of the search warrant should be suppressed because the warrant was not executed and returned within 3 days of issuance pursuant to RCW 69.50.509. The Court of Appeals held that search warrants for controlled substances must be executed within 10 days of issuance under CrR 2.3 and returned within 3 days of execution pursuant to RCW 69.50.509. We affirm and remand this case for further proceedings.

## FACTS

On March 8, 1989, Everett police officers applied for and obtained a search warrant from the Everett District Court. The warrant directed the officers to search, "within 10 days of this date", the residence of Andrew L. Thomas for cocaine, the vessels in which it was contained, all implements used for the illegal manufacture and distribution of drugs, and papers indicating occupancy or ownership of the residence. The warrant directed the officers to "[p]romptly return" the warrant with an inventory of all property seized.

On March 17, 1989, 9 days after its issuance, the officers executed the search warrant. The officers seized a scale that had cocaine residue, a pistol, assorted drug paraphernalia, and other items. While the search was in progress, Thomas arrived in a motor vehicle. The officers arrested Thomas and searched the vehicle incident to his arrest. A half ounce of cocaine was discovered during the search. The warrant and inventory of property seized were returned the same day.

Thomas was charged in Snohomish County Superior Court with possession of cocaine with intent to deliver and with unlawful possession of a pistol.[1] Thomas moved to suppress the fruits of the search warrant, arguing that the execution and return of the warrant violated the 3-day limit imposed by RCW 69.50.509. The trial court granted the motion. The State moved for reconsideration, arguing that RCW 69.50-.509 has been superseded by CrR 2.3. The court denied the

---

[1] Thomas has a previous felony conviction for delivery of a controlled substance.

State's motion. The State appealed the trial court's ruling, and the Court of Appeals reversed. *State v. Thomas*, 65 Wn. App. 347, 827 P.2d 1394 (1992). We accepted Thomas's petition for review.

ISSUE

The issue is whether a search warrant for controlled substances must be executed and returned within 3 days of issuance. We hold that search warrants for controlled substances must be executed within 10 days of issuance pursuant to CrR 2.3 and returned within 3 days of execution pursuant to RCW 69.50.509.

DISCUSSION

I

Background

At issue is the proper interpretation of two search warrant provisions. RCW 69.50.509 and CrR 2.3 both establish procedures for executing and returning search warrants. RCW 69.50.509 provides:

> If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court, district court, or municipal court that there is probable cause to believe that any controlled substance is being used, manufactured . . . or otherwise disposed of or kept in violation of the provisions of this chapter, such judge shall . . . issue a warrant directed to any law enforcement officer of the state, commanding him or her to search the premises designated and described in such complaint and warrant, and to seize all controlled substances there found, together with the vessels in which they are contained, and all implements, furniture and fixtures used or kept for the illegal manufacture, sale . . . or otherwise disposing of such controlled substances, and to safely keep the same, and *to make a return of said warrant within three days*, showing all acts and things done thereunder . . .[.]

(Italics ours.) While the statute sets a 3-day limit for the return of a search warrant for controlled substances, it does not specify what triggers that 3-day period — issuance or execution.

CrR 2.3(c), on the other hand, sets time limits for both the execution and return of a search warrant upon issuance:

> If the court finds that probable cause for the issuance of a warrant exists, it shall issue a warrant . . . The warrant shall

be directed to any peace officer. It shall command the officer to search, within a specified period of time *not to exceed 10 days*, the person, place, or thing named for the property or person specified. It shall designate to whom it shall be returned.

(Italics ours.) CrR 2.3(d) further provides that after execution, the return of the warrant "*shall be made promptly*[2] and shall be accompanied by a written inventory of any property taken." (Italics ours.)

As the Court of Appeals stated, "CrR 2.3 commands that the search take place within 10 days and clearly makes a distinction between *return* and *execution*." *Thomas*, 65 Wn. App. at 349. The Court of Appeals interpreted RCW 69.50-.509 as controlling the *return* of the warrant *after its execution*, and not the execution itself. *Thomas*, 65 Wn. App. at 350. Thomas argues that the Court of Appeals should be reversed because the search warrant was not executed within the time limits set by RCW 69.50.509. We disagree.

## II
## Analysis

Thomas contends that the search warrant provisions of RCW 69.50.509 should prevail over CrR 2.3. Thomas advances two arguments in support of this contention: (1) the Legislature intended that the search and seizure of controlled substances be governed by the statute and not the court rule; and (2) because RCW 69.50.509 is a "specific" statute, it should prevail over CrR 2.3, the general court rule. We are not persuaded by either of these arguments.

Thomas argues that the Court of Appeals' decision is contrary to the Legislature's intent. Thomas claims that since this court's enactment of CrR 2.3 in 1973, the Legislature has amended the Uniform Controlled Substances Act,

---

[2]Because the warrant was issued by the Everett District Court, CrRLJ 2.3 should control. The Court of Appeals' opinion, however, only refers to CrR 2.3. Both parties note that since the relevant provisions of the two rules are identical, the distinction makes no difference. It is important to note, however, that while CrRLJ 2.3 is similar to CrR 2.3 in that it commands the officer to search within 10 days of issuance, it differs in that it mandates the return of the warrant "within 3 court days", rather than merely "promptly".

including RCW 69.50.509, but has not repealed its search warrant provisions. Thomas concludes that, by implication, the Legislature has expressed its intent that the search for and seizure of controlled substances is governed by RCW 69.50.509, and not CrR 2.3. We disagree. RCW 69.50.509 itself makes reference to a historical note on legislative intent:

> The legislature intends to:
> (1) Make the statutes of the state *consistent with rules adopted by the supreme court governing district courts;*[3] and
> (2) Delete or modify archaic, outdated, and superseded language and nomenclature in statutes related to the district courts.

(Italics ours.) Laws of 1987, ch. 202, § 1. The Legislature has indeed expressed intent opposite of what Thomas alleges. It has recognized this court's inherent authority to promulgate rules of procedure. *See* RCW 2.04.190. We find no support for Thomas's argument that the Legislature intended for RCW 69.50.509 to control the procedure by which search warrants are executed and returned to the exclusion of CrR 2.3.

Thomas next argues that RCW 69.50.509 prevails over CrR 2.3 because the statute "specifically" provides for procedures regarding searches and seizures for controlled substances, whereas the court rule prescribes procedures for searches and seizures in general. Thomas relies on a rule of statutory construction that states where general and special statutes are "concurrent", the special statute must apply to the subject matter to the exclusion of the general statute. *See generally State v. Danforth*, 97 Wn.2d 255, 258, 643 P.2d 882 (1982). Thomas argues that RCW 69.50.509, as a "special" statute, prevails over CrR 2.3. See Supplemental Brief of Petitioner, at 8 (citing *State v. Danforth*, 97 Wn.2d 255, 258, 643 P.2d 882 (1982); *State v. Cann*, 92 Wn.2d 193, 197, 595 P.2d 912 (1979); *State v. Walls*, 81 Wn.2d 618, 622, 503 P.2d

---

[3]CrRLJ 2.3, the district court rule governing search warrants, provides for execution within 10 days after issuance and return within 3 court days after execution. *See* CrRLJ 2.3(c), (d).

1068 (1972); *State v. Krieg*, 7 Wn. App. 20, 497 P.2d 621 (1972)). These authorities, however, focus on concurrent matters of substantive law — legislative proscriptions on conduct — rather than court promulgated rules of procedure. As we stated in an earlier decision:

> Substantive law [a legislative function] prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

*Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981) (quoting *State v. Smith*, 84 Wn.2d 498, 501, 527 P.2d 674 (1974)).

The authorities Thomas cites do not support the premise that a procedural statute applies to the exclusion of a court rule. In *State v. Danforth, supra*, the court analyzed two statutes that proscribed criminal conduct. The court held that work release inmates were improperly charged under the general escape statute instead of the statute that specifically dealt with escape from work release. *Danforth*, at 259. While *Danforth* applied the general/specific statutory construction rule to two concurrent statutes involving conduct, it provides no authority for Thomas's argument that RCW 69.50.509 prevails over a court rule governing *procedure*. *State v. Cann, supra*, and *State v. Walls, supra*, are equally inapplicable because they also dealt with two statutes that concurrently proscribed criminal conduct, not matters of procedure. In *State v. Krieg, supra*, we held that RCW 46.20.308, the implied consent statute, is a special statute that controls in the area of chemical or blood testing of a driver suspected of being intoxicated, to the exclusion of the then-existing general search warrant statute (RCW 10.79.015(3)). *Krieg*, at 23. *Krieg*, however, was decided prior to our adoption of the Superior Court Criminal Rules and does not stand for the proposition that special statutes prevail over general court *rules* on the same subject matter.

Thomas further cites *State v. Weiss*, 73 Wn.2d 372, 376, 438 P.2d 610 (1968), and Utter, *Survey of Washington Search*

*and Seizure Law: 1988 Update*, 11 U. Puget Sound L. Rev. 411, 485 (1987-1988), as authority for his "special/general" argument. Thomas claims that these authorities have interpreted RCW 69.50.509 as requiring search warrants for controlled substances be executed *and* returned within 3 days of issuance. We disagree. *Weiss*, decided in 1968, predates the Legislature's 1971 enactment of RCW 69.50, this court's adoption of the Superior Court Criminal Rules in 1973, and subsequent decisions which conclusively establish the court's authority to govern matters of procedure. *See State v. Fields*, 85 Wn.2d 126, 530 P.2d 284 (1975). The citation to Utter, 11 U. Puget Sound L. Rev. at 411 likewise does not support Thomas's conclusion that search warrants for controlled substances be executed *and* returned within 3 days of issuance.[4]

In sum, Thomas's argument that RCW 69.50.509 should prevail over CrR 2.3 is not persuasive. CrR 2.3 is not a statute, it is a rule of procedure. Search warrants are part of the criminal process and, as such, are matters of procedure governed by CrR 2.3. *See State v. Fields, supra* at 127-29. Even if the "special statute" maxim could be applied, "[p]reference is given a more specific statute *only* if the two statutes deal with the same subject matter and conflict to such an extent that they cannot be harmonized." *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 425, 799 P.2d 235 (1990). Apparent conflicts between a court rule and a statutory provision should be harmonized and both given effect, if possible. *Emwright v. King Cy., supra* at 543. The Court of Appeals properly harmonized CrR 2.3 with RCW 69.50.509 by interpreting the statute as requiring return of the warrant within 3 days of execution, and not issuance. *Thomas*, 65 Wn. App. at 350. The Court of Appeals reasoned that a 3-day return was presumably required to avoid any

---

[4]Thomas cites the following passage for support: "Washington is one of several states that by court rule require that warrants are to be executed within a certain time period. The warrant 'shall command the officer to search, within a specified period of time not to exceed 10 days . . . .' CrR 2.3(c). *Cf.* Wash. Rev. Code § 69.50.509 (1987) (*three day limit for execution of search warrant for controlled substances*)." (Italics ours.) Utter, 11 U. Puget Sound L. Rev. at 485. While this interpretation of RCW 69.50.509 is reasonable, it is not controlling.

appearance of impropriety or the tampering of evidence. *Thomas*, 65 Wn. App. at 349-50. This interpretation avoids conflict and harmonizes the provisions of both CrR 2.3 and RCW 69.50.509. We note that if there were a conflict[5] between RCW 69.50.509 and CrR 2.3, CrR 2.3 would supersede any inconsistent restrictions in the statute. *See Nearing v. Golden State Foods Corp.*, 114 Wn.2d 817, 821, 792 P.2d 500 (1990); *see also* RCW 2.04.200 (rules of court adopted by the Supreme Court supersede conflicting statutory provisions).

The Court of Appeals' interpretation is supported by standard rules of construction. Statutes and rules are, if possible, to be given a rational, sensible construction. *State v. Smalls*, 99 Wn.2d 755, 766, 665 P.2d 384 (1983). A "court rule must be construed so that no word, clause or sentence is superfluous, void or insignificant. . . . When the language of a rule is clear, a court cannot construe it contrary to its plain statement." *State v. Raper*, 47 Wn. App. 530, 536, 736 P.2d 680, *review denied*, 108 Wn.2d 1023 (1987). The language of CrR 2.3 and CrRLJ 2.3 is clear. The statute, on the other hand, is not as clear. If we gave effect to Thomas's suggested interpretation of the statute, requiring both execution and return within 3 days of issuance, then the language of CrR 2.3 referencing a 10-day limit on execution becomes superfluous and insignificant. The clear language of CrRLJ 2.3 stating execution and return time limits would also be rendered superfluous and insignificant. Interpreting RCW 69.50.509 as requiring a 3-day limit on return *after* execution, on the other hand, makes sense and gives effect to both the statute and the rule. We disagree with Thomas's unsupported contention that the Court of Appeals' opinion renders RCW 69.50.509 incomplete. The effect of the Court of Appeals'

---

[5]In *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied*, 101 Wn.2d 1004 (1984), the Court of Appeals defined "inconsistent" to mean "court rules so antithetical that it is impossible as a matter of law that they can both be effective." This court used the *Heaney* definition of "inconsistent" in *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988). Thomas uses this definition to argue that RCW 69.50.509 and CrR 2.3 do not conflict.

decision is to ensure that "prompt" return in CrR 2.3 means "within 3 court days". *See* CrRLJ 2.3(d).

Finally, Thomas advances a policy argument in favor of interpreting the act to require a 3-day limit for execution and return of a search warrant for controlled substances. As Thomas claims, a delay in execution may render a warrant invalid if probable cause no longer exists at the time the warrant is executed. *See State v. Higby*, 26 Wn. App. 457, 460, 613 P.2d 1192 (1980); *Sgro v. United States*, 287 U.S. 206, 210-11, 77 L. Ed. 260, 53 S. Ct. 138, 85 A.L.R. 108 (1932). Thomas, however, does not argue that probable cause for the search warrant was stale — even though it was executed and returned 9 days after it was issued. Although Thomas urges us to affirm the trial court's application of a 3-day limit on policy grounds, the record before us does not compel such a conclusion.

CONCLUSION

We conclude that search warrants for controlled substances must be executed within 10 days of issuance under CrR 2.3 and returned within 3 days of execution pursuant to RCW 69.50.509. We hold that the police officers did not exceed these time limits for the warrant's execution and return. We affirm the Court of Appeals and remand the case for further proceedings.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, JOHNSON, and MADSEN, JJ., concur.