185 P.3d 1180 (2008)
In the Matter of the DETENTION OF Andre B. YOUNG, Petitioner.
No. 79747-1.
Supreme Court of Washington, En Banc.
Argued January 15, 2008.
Decided June 12, 2008.
*1181 Nancy P. Collins, Washington Appellate Project, Seattle, WA, for Petitioner.
Jennifer Roen Petersen, King County Prosecuting Attorney's Office, Seattle, WA, David J.W. Hackett, King Co. Pros. Office, Seattle, WA, Prosecuting Atty. King County, King Co. Pros./App. Unit Supervisor, for Respondents.
C. JOHNSON, J.
¶1 This case asks us to determine whether a trial court has authority to hold a party in contempt who refuses to submit to an ordered mental examination and deposition as part of their evidentiary hearing to determine if they still meet the definition of a sexually violent predator (SVP). This question concerns application of RCW 71.09.090, Civil Rule (CR) 37(b)(2), chapter 7.21 RCW (contempt of court statute), and CR 81. We affirm the Court of Appeals' denial of petitioner Andre B. Young's motion to modify and hold that the trial court had authority to find Young in contempt and to stay proceedings until Young complied with the prior order.

*1182 FACTUAL AND PROCEDURAL HISTORY
¶ 2 Young has been committed to the Special Commitment Center (SCC) of the Department of Social and Health Services since 1991, under the SVP civil commitment laws, chapter 71.09 RCW. In 2001, Young initiated proceedings, using the procedure established by former RCW 71.09.090 (2001), to show that he no longer met the definition of an SVP and should therefore be unconditionally released. Though the trial court denied him an evidentiary hearing, on appeal the Court of Appeals determined that Young had presented sufficient evidence to make a prima facie showing entitling him to an evidentiary hearing. In re Det. of Young, 120 Wash.App. 753, 755, 86 P.3d 810, review denied, 152 Wash.2d 1035, 103 P.3d 201 (2004).
¶ 3 Before the hearing on remand in King County Superior Court, the State requested that under former RCW 71.09.090(3)(a), Young submit to a mental evaluation by a State expert and to a video deposition under CR 30. Young refused and filed a motion to quash and a motion for a protective order. The court denied his motions and, on March 21, 2005, ordered him to submit to a deposition and a mental evaluation, and ordered that failure to comply might result in the imposition of appropriate sanctions. Young again refused to submit and unsuccessfully challenged the order in the Court of Appeals and in this court through a petition for review.
¶ 4 On April 1, 2005, the trial court found Young in contempt, stayed all proceedings, and ordered him to remain at the SCC until he purged his contempt. The trial court entered written findings and conclusions, which include the following:

I. Findings of Fact
D. In open court on April 1, 2005, Mr. Young confirmed that he was refusing to comply with the requirements of the March 21, 2005 order. Mr. Young's refusal to comply with the order of this court is done willingly and intentionally. His refusal to appear at, and participate in, the deposition and interview constitutes contempt of court. Mr. Young was provided a right of allocution to explain his actions.
E. It remains within respondent Young's power to comply with the court's order requiring his attendance and participation at his deposition and the interview with [the State's expert].
F. The remedial sanction most reasonably calculated to result in respondent's compliance with this court's order regarding the deposition is to stay the proceedings until he purges his contempt. The court has considered lesser coercive sanctions, but finds that they are unlikely to secure Mr. Young's compliance with the court's order and would work to prejudice the ability of the State to present its case. The court will consider the possibility of a progressive sanction, including jail, if the stay fails to secure Mr. Young's compliance with the March 21, 2005 order.
II. Conclusions of Law
A. Respondent is in contempt of court under RCW 7.21.010(1)(b) & (c).
B. The court has the authority to place respondent in civil contempt under RCW 7.21, CR 37 and the court's inherent authority to enforce its orders.
Clerk's Papers (CP) at 160.
¶ 5 Young appealed the contempt order, and the State filed a motion on the merits to affirm, which the commissioner of Division One of the Court of Appeals granted. The commissioner rejected Young's argument, finding that Young could not collaterally attack the underlying order requiring him to participate in the mental examination and the deposition and was limited to challenging the trial court's decision to hold him in contempt. The commissioner also adopted the reasoning in In re Detention of Broer, 93 Wash.App. 852, 957 P.2d 281 (1998), to find that CR 37(b)(2)(D) does not preclude a finding of contempt for a party's failure to comply with an ordered mental examination. A panel of the Court of Appeals denied Young's motion to modify, upholding the contempt order. We granted review.

ISSUE
Whether the trial court had authority to hold Young in contempt of court when, as part of his evidentiary hearing determining if he still meets the definition of an SVP, he refused to submit to a court order *1183 requiring compliance with a mental examination?

ANALYSIS
¶ 6 The SVP statutes, chapter 71.09 RCW, are civil in nature. In re Det. of Williams, 147 Wash.2d 476, 55 P.3d 597 (2002). The civil rules govern the procedure in superior court in all suits of a civil nature, with the exceptions set out in CR 81. CR 81(a) states in relevant part that "[e]xcept where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." We have recognized that proceedings under chapter 71.09 RCW are special proceedings within the meaning of CR 81. Williams, 147 Wash.2d at 488, 55 P.3d 597.
¶ 7 RCW 71.09.090(3) governs the postcommitment evidentiary hearing determining whether a person's condition has so changed that they no longer meet the definition of an SVP. The State bears the burden of proving beyond a reasonable doubt that the committed person continues to meet the definition of an SVP. RCW 71.09.090(3)(b). The statute provides that the State "shall have a right . . . to have the committed person evaluated by experts chosen by the state." RCW 71.09.090(3)(a) (emphasis added).
¶ 8 Young claims the trial court could not hold him in contempt for refusing to cooperate with the ordered mental examination. In support, he cites to CR 37(b)(2), which states the following in relevant part:
If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . . .
(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination.

(Emphasis added.) He argues that the civil rules govern all SVP proceedings unless they are inconsistent with a statute or rule. And because RCW 71.09.090(3) does not specify a procedure for having a committed person evaluated, there is no conflict with the civil rules. Thus, Young argues, CR 37(b)(2)(D) controls and bars the court from finding him in contempt for refusing to submit to a mental examination.[1]
¶ 9 According to the State, Young's claim that the court may not hold him in contempt is really an impermissible collateral attack on the underlying order. The State cites to Mead School District No. 354 v. Mead Education Ass'n, 85 Wash.2d 278, 280, 534 P.2d 561 (1975), in noting that where jurisdiction is proper, even if the underlying order was wrongly entered, a party refusing to obey that order may be liable for contempt. Also, the State argues that as the Court of Appeals found in Broer, 93 Wash.App. at 865, 957 P.2d 281, we should hold that CR 37 cannot override the court's authority under chapter 7.21 RCW to find a person in contempt of court.
¶ 10 Chapter 7.21 RCW is the contempt of court statute. "Contempt of court" is defined to include intentional disobedience of any lawful order of the court. RCW 7.21.010(1)(b). Contempt may be criminal or civil. In holding Young in civil contempt, the trial court cited to its inherent authority and authority under the contempt statute. Indeed, the power to censure contemptuous behavior flows from both statute and the inherent power of the court, created by the constitution, to punish for disobedience of its mandates. Mead, 85 Wash.2d at 282, 534 P.2d 561.
¶ 12 Both parties now interpret CR 37 as limiting the court's inherent authority, and the State relies on chapter 7.21 RCW as an alternative avenue to contempt. The State argues that the civil and criminal contempt provisions in chapter 7.21 RCW enhance the *1184 remedies available to enforce court orders by supplementing the remedies found in CR 37. Young does not address this separate statutory authority nor argue that it is inapplicable to SVP proceedings. We find persuasive the State's argument that chapter 7.21 RCW serves as an independent source of contempt powers under these circumstances and find case law supports this conclusion.
¶ 12 In Broer, the Court of Appeals relied on the court's inherent and statutory powers in rejecting Broer's argument, which was analogous to Young's, and in affirming the trial court's order holding Broer in contempt in the context of special SVP proceedings. Broer, 93 Wash.App. at 864-65, 957 P.2d 281. Like Young, Broer was held in contempt for failing to comply with a court ordered statutory evaluation. On appeal, Broer argued that the trial court erred by compelling the mental examination without a CR 35 showing of good cause. The Court of Appeals found that the good cause requirement of CR 35 was inconsistent with former RCW 71.09.040(4) (1995), which governs precommitment procedure and provides that upon a determination of probable cause, an examination shall be conducted. Therefore, the court held that the statute controlled under those circumstances. See also In re the Det. of Aguilar, 77 Wash.App. 596, 600, 892 P.2d 1091 (1995) (finding that former RCW 71.09.030 and .040 (1990), which governed the special proceedings for SVP petitions, were inconsistent with the good cause requirement of CR 35(a), and concluded that under CR 81, the statutes superseded CR 35(a)).
¶ 13 Finding the civil rules did not apply, the Broer court rejected Broer's argument that CR 37(b)(2)(D) barred the court from holding him in contempt for failing to comply with the ordered mental examination. Though former RCW 71.09.040 (1995) did not expressly address the court's power to enforce a mental examination order through contempt, the court relied on its inherent power and its statutory authority under chapter 7.21 RCW in upholding the contempt order. Broer, 93 Wash.App. at 865, 957 P.2d 281.
¶ 14 Similarly, in Williams, we analyzed the applicability of CR 35 to SVP proceedings, which we found were special proceedings within the meaning of CR 81. Williams, 147 Wash.2d at 488, 55 P.3d 597. In precommitment proceedings, governed by RCW 71.09.040 and .050, the State moved under CR 35 to have potential SVPs examined by state experts. We held that because the SVP statute was mostly silent on expert evaluations during pretrial discovery and express in providing postcommitment evaluation, mental examination by the State's experts of a person not yet determined to be an SVP was limited to the evaluation required under RCW 71.09.040(4). Thus, as in Broer, we found CR 35 to be inconsistent with the statute governing precommitment proceedings and held that the statute controlled.
¶ 15 The reasoning in Broer and Williams applies here and leads us to conclude that under CR 81, SVP proceedings are not governed by the civil rules, where the rules conflict with statutory provisions governing SVP proceedings. In this case, CR 37(b)(2)(D) conflicts with the statutory contempt authority granted under chapter 7.21 RCW. Therefore, chapter 7.21 RCW controls. Although CR 37(b)(2)(D) does limit a court's power in general civil proceedings, that limitation does not extend to these special statutory proceedings. It is important to distinguish that the State's right to have a person evaluated under RCW 71.09.040(4) in precommitment proceedings and under RCW 71.09.090(3)(a) in postcommitment proceedings, exists independent of the general right in a civil case to have a party undergo an evaluation when a mental condition is in controversy. See CR 35(a). Indeed, SVP proceedings are special proceedings, and as the Court of Appeals held in Broer, CR 37(b)(2)(D) does not act as a bar to the imposition of contempt in these circumstances.
¶ 16 A corollary to the power to hold a party in contempt is the statutory authority to impose a sanction for contempt.[2] Remedial sanctions include imprisonment to *1185 the extent that it serves a coercive purpose, a forfeiture of two thousand dollars for each day the contempt continues, an order designed to ensure compliance with a prior order, and/or any other remedial sanction if the court finds the express sanctions to be ineffectual. RCW 7.21.030(2)(a)-(d). Here, the order staying proceedings may be considered a remedial sanction designed to ensure compliance with the prior order to submit to a mental examination. See RCW 7.21.030(2)(c).
¶ 17 The abuse of discretion standard governs review of sanctions for noncompliance with discovery orders. Rivers v. Wash. State Conference of Mason Contractors, 145 Wash.2d 674, 684, 41 P.3d 1175 (2002). A discretionary determination should not be disturbed on appeal except on a clear showing that the discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. Rivers, 145 Wash.2d at 684-85, 41 P.3d 1175. Here, the trial court did not abuse its discretion in sanctioning Young's contemptuous behavior by staying his proceedings.
¶ 18 In fact, no argument here challenging the order staying Young's proceedings is supportable. Even if we were to look to the civil rules, under CR 37(b)(2)(C), where a party fails to obey an order to provide or permit discovery, the court has the power to make an order "staying further proceedings until the [prior] order is obeyed. . . ." Thus, not only is the remedial sanction of staying proceedings authorized by RCW 7.21.030(2)(c), but it is consistent with what is provided under court rules, indicating that with regard to this sanction, the rule and the statute are consistent. Had the judge never characterized Young's disobedience of the discovery order as contempt, but merely relied on the specific remedies available under CR 37, Young would have had no supportable argument.
¶ 19 Young's claim that staying proceedings was unduly harsh and an abuse of discretion is further refuted by express language in CR 37(b)(2)(C) providing for alternative orders: the trial court has authority to enter an order "dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party." Staying proceedings until Young complies with the prior order is an appropriate, less severe sanction than dismissing the action entirely or rendering a judgment by default against Young.
¶ 20 The trial court specifically noted in the order holding Young in contempt and staying his proceedings, that it had "considered lesser coercive sanctions . . ." and had selected the sanction "most reasonably calculated to result in respondent's compliance. . . ." CP at 160. Young is already incarcerated, so coercive imprisonment would fail, and he is indigent, so a progressive fine would likewise fail. It appears the court crafted a sanction most reasonably calculated to coerce compliance and further the proceedings Young himself initiated.
¶ 21 A finding of fact in the contempt order stated it well in that "[i]t remains within respondent Young's power to comply with the court's order requiring his attendance and participation at his deposition and the interview with [the State's expert]." CP at 160. Indeed, Young holds the keys to his evidentiary hearing. And by asserting that through routine, daily observation the State has "vast information upon which it may proceed to trial," Supplemental Br. of Pet'r at 15, Young weakens rather than bolsters his claim that additional psychological testing would be extremely invasive.[3] The State *1186 bears the burden of proving Young continues to meet the definition of an SVP, and the statute has granted the State the right to have Young undergo an additional mental examination. Such examination cannot practically be viewed as significantly more invasive than approximately 17 years of daily observation of Young in confinement.
¶ 22 We hold that chapter 7.21 RCW applies to these special postcommitment proceedings and that there is inconsistency between the statute and CR 37(b)(2)(D). Thus, the statute controls. We are convinced that the trial court acted within its authority in holding Young in contempt and imposing a remedial sanction tailored to coerce compliance. To hold otherwise would deprive the court of its statutory authority and would result in a finding that the contempt statute has no meaning. We refuse to do this. We affirm the Court of Appeals' denial of Young's motion to modify and uphold the finding of contempt and remedial sanction imposed. We remand the case to the trial court for further proceedings.
WE CONCUR: SUSAN OWENS, BARBARA A. MADSEN, JAMES M. JOHNSON, DEBRA L. STEPHENS and TOM CHAMBERS, JJ.
SANDERS, J. (dissenting).
¶ 23 After Andre Young made a prima facie showing he is no longer a sexually violent predator (SVP), he refused to submit to the statutorily authorized mental health evaluation. Based on this refusal, the trial court held him in contempt of court. The only issue presented here is whether the trial court had the authority to enter that order of contempt. The majority holds a trial court can hold Young in contempt for refusing to submit to a mental examination. I disagree. Under Civil Rule (CR) 37(b)(2)(D), a trial court does not have the authority to enter a contempt order for failure to "submit to physical or mental examination." I would hold this rule controls the outcome here.
¶ 24 "[T]he sexually violent predator Statute is civil, not criminal, in nature." In re Pers. Restraint of Young, 122 Wash.2d 1, 23, 857 P.2d 989 (1993). "[The civil] rules govern the procedure in the superior court in all suits of a civil nature . . . with the exceptions stated in rule 81." CR 1. "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." CR 81(a). Since SVP proceedings are supposedly civil, the civil rules apply to SVP proceedings unless the "statutes applicable to special proceedings" are inconsistent with the civil rules. CR 81(a).
¶ 25 The civil rules prohibit the trial court from holding a party in contempt for failure to submit to a psychological exam. CR 37(b)(2)(D) allows a trial court to enter "an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination" (emphasis added), whereas here the trial court entered an order of contempt based solely on Young's "failure to obey . . . an order to submit to physical or mental examination." Id. The civil rules clearly prohibit the trial court's action unless the SVP statute is inconsistent with the rule and allows contempt as a sanction.
¶ 26 But the SVP statute, chapter 71.09 RCW, contains no provision allowing a court to hold a petitioner in contempt for refusing to submit to a mental examination. Although the statute gives "[t]he prosecuting agency . . . a right to . . . have the committed person evaluated by experts chosen by the state,"[1] the statute does not provide a remedy for the petitioner's failure to comply.[2] The SVP statute and CR 37(b)(2)(D) are simply not inconsistent, and the civil rule barring contempt as a sanction applies. This should resolve the issue.
¶ 27 The majority implicitly recognizes the lack of inconsistency between the SVP statute and the civil rules when it states, "CR *1187 37(b)(2)(D) conflicts with the statutory contempt authority granted under [the contempt statute,] chapter 7.21 RCW. Therefore, chapter 7.21 RCW controls." Majority at 1184. The majority therefore looks beyond the statutes specific to SVP proceedings to see if there is a conflict between the civil rules and any statute of general applicability.
¶ 28 The majority's refusal to apply the civil rules to a civil "special proceeding" where the civil rules conflict with ANY statute is certainly a novel application of CR 81. We have never held the civil rules inapplicable under CR 81 because of a conflict with an unrelated statute of general applicability. Instead, we have held the rules inapplicable only where the civil rules conflict with the procedures specifically outlined in the statute governing the special proceeding.[3]
¶ 29 This means "[t]he matters before us turn on whether [the civil rule] is inconsistent with provisions for special proceedings under chapter 71.09 RCW." In re Det. of Williams, 147 Wash.2d 476, 489, 55 P.3d 597 (2002); see also In re Det. of Petersen, 145 Wash.2d 789, 801, 42 P.3d 952 (2002) (comparing the civil rules to RCW 71.09.090(2)). But the majority turns its back on authority to deprive Young the protections contained in the civil rules for this "civil proceeding."
¶ 30 Even were this novel application appropriate here, the majority is incorrect when it states, "CR 37(b)(2)(D) conflicts with the statutory contempt authority granted under chapter 7.21 RCW." Majority at 1184. As we have repeatedly held, "[a]pparent conflicts between a court rule and a statutory provision should be harmonized and both given effect, if possible." State v. Thomas, 121 Wash.2d 504, 511, 851 P.2d 673 (1993) (citing Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981)). Chapter 7 .21 RCW is easily harmonized with CR 37(b)(2)(D). The contempt statute creates contempt of court as a sanction and establishes procedures governing its use. We have limited this power through the court rules and prohibited its use to sanction a failure to submit to a psychological exam. There is no conflict with the contempt statute. This is doubly true when we follow our mandate to give effect to both provisions whenever possible. See Thomas, 121 Wash.2d at 511, 851 P.2d 673.
¶ 31 Courts have traditionally relied on the "civil" nature of the SVP statute to strip the accused of most protections offered by the Washington and United States constitutions. See Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding because Kansas's SVP statute is civil, the accused has no Fifth Amendment or ex post facto protections); In re Det. of Young, 122 Wash.2d 1, 857 P.2d 989 (holding because the SVP statute is civil, the accused has no protection against ex post facto punishments, double jeopardy, and self-incrimination); In re Det. of Stout, 159 Wash.2d 357, 150 P.3d 86 (2007) (holding because the SVP statute is civil, the accused has no right to confront witnesses); In re Det. of Petersen, 138 Wash.2d 70, 980 P.2d 1204 (1999) (holding because the SVP is civil, the accused has no constitutional right to counsel).
¶ 32 Even where the accused's protections stem from civil (not criminal) rules, this court has moved rapidly to ensure those rules do not apply to those accused of being an SVP either. See In re Det. of Turay, 150 Wash.2d 71, 74 P.3d 1194 (2003) (holding the one year time-limit on collateral attack in criminal cases applies to SVP proceedings). Unfortunately the trend continues today and the rule of law is the casualty.
¶ 33 I dissent.
WE CONCUR: GERRY L. ALEXANDER, C.J., MARY E. FAIRHURST, JJ.
NOTES
[1] Young also argued below that while the civil rules permit a holding of contempt for refusing to comply with a deposition order, due to the intrusive nature of the deposition and the information already available to the State, the deposition request was conducted in bad faith, or in an effort to embarrass, annoy, or oppress. Therefore, Young requested the holding of contempt for failure to comply with the deposition order be reversed on remand. Young raised this issue in a footnote in his petition for review but conceded that if only the deposition were at issue, it is not clear that he would continue to object to such ordered discovery. Because this issue was not formally addressed or adequately briefed, we decline to address it.
[2] "A judge or commissioner of the supreme court, the court of appeals, or the superior court, a judge of a court of limited jurisdiction, and a commissioner of a court of limited jurisdiction may impose a sanction for contempt of court under this chapter." RCW 7.21.020. Sanctions for civil contempt are remedial, RCW 7.21.030, i.e., intended to coerce a party's compliance with a judgment or order and permitting the contemnor to avoid the sanction by doing something to purge the contempt. Where a remedial sanction has been imposed, the contemnor effectively "`carries the keys of his prison in his own pocket.'" Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (internal quotation marks omitted) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). Conversely, sanctions for criminal contempt are punitive, RCW 7.21.040, and punish completed acts of disobedience without providing an opportunity to purge the contempt.
[3] Young was committed in March 1991 as an SVP. In re Det. of Young, 122 Wash.2d 1, 16, 857 P.2d 989 (1993). Though RCW 71.09.090(3)(a) unequivocally grants the State the right to have Young evaluated by experts of its choosing, the State could opt to proceed by relying on information already available and gathered through roughly 17 years of daily observation of Young in confinement. Whether the State already has sufficient information to proceed without a statutory evaluation is not, however, the posture of this case.
[1] RCW 71.09.090(3)(a).
[2] Although the SVP statute does not provide a remedy, CR 37(b) provides a multitude of remedies available for failure to obey a discovery order. This rule, however, specifically prohibits contempt as a remedy for failing to submit to a mental exam.
[3] See In re Det. of Williams, 147 Wash.2d 476, 488, 55 P.3d 597 (2002) (applying CR 81 in SVP proceedings). This is equally true in will contests, In re Estate of Kordon, 157 Wash.2d 206, 137 P.3d 16 (2006); actions under the Administrative Procedure Act, ch. 34.05 RCW, King County Water Dist. No. 90 v. City of Renton, 88 Wash.App. 214, 944 P.2d 1067 (1997); garnishment proceedings, Snyder v. Cox, 1 Wash.App. 457, 462 P.2d 573 (1969); and unlawful detainer actions, Christensen v. Ellsworth, 162 Wash.2d 365, 173 P.3d 228 (2007).