# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51707-8-II |
| Respondent, | |
| v. | |
| DAMION LAMAR DIAZ, | UNPUBLISHED OPINION |
| Defendant, | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Appellant. | |

WORSWICK, J. — The Washington State Department of Children, Youth, and Families

(Department)[1] appeals the trial court's order requiring the Department to pay contempt sanctions

for its failure to admit Damion Diaz to Western State Hospital.  The Department argues that the

trial court improperly imposed punitive sanctions by failing to adhere to certain requirements.

The State concedes error.

We hold that because the trial court did not properly follow procedural requirements, the

trial court erred by imposing punitive sanctions.  Accordingly, we reverse the trial court's order

as to punitive sanctions and remand with instructions for the court to enter a judgment imposing

only appropriate remedial sanctions against the Department.

---

[1] The Washington State Department of Children, Youth, and Families was formerly known as
the Washington State Department of Social and Health Services.

FACTS

On March 9, 2016, the trial court ordered the Department to admit Damion Diaz for a competency evaluation by March 16, 2016, in his then-pending criminal proceeding. After the Department failed to admit Diaz, his defense attorney filed a motion to show cause directing the Department to appear and show cause as to why an order dismissing the case and an order of contempt should not be granted.

During the show cause hearing, the Department argued that the court could not impose punitive sanctions for contempt because doing so would be improper unless the State separately filed for such sanctions. The trial court responded by stating that "the Legislature doesn't seem to be doing anything to cure the problem" and that sanctions "are justified that they need to follow these court orders." Verbatim Report of Proceedings (VRP) at 6.

The court found the Department in contempt and ordered the Department to pay sanctions in the amount of $500 per day from the day Diaz should have been admitted, March 16, 2016, until Diaz was actually admitted for evaluation, April 26, 2016. The trial court later entered a judgment of $20,500 against the Department, based on its failure to admit Diaz for a total of 41 days. The Department appeals the trial court's order and judgment as it relates to punitive damages.[2]

---

[2] The Department states that it does not challenge the portion of the trial court's order and judgment that relates to remedial sanctions against it.

No. 51707-8-II

ANALYSIS

The Department argues that the trial court improperly imposed punitive contempt sanctions because it did not follow procedural requirements. The State concedes error, and we agree.

A court's authority to impose contempt sanctions is a question of law, which we review de novo. *In re Silva*, 166 Wn.2d 133, 140, 206, P.3d 1240 (2009). Contempt of court is the intentional disobedience of any lawful court order. *See* RCW 7.21.010(1)(b); *In re Detention of Young*, 163 Wn.2d 684, 691, 185 P.3d 1180 (2008). The court can impose either remedial or punitive sanctions for contempt. *See Silva*, 166 Wn.2d at 141.

Remedial sanctions are civil in nature and are intended to coerce performance. *Silva*, 166 Wn.2d at 141. Punitive sanctions are designed to punish a party for past contempt of court. *Silva*, 166 Wn.2d at 141. Punitive sanctions are criminal in nature and as such, a court must afford a contemnor full criminal due process to impose punitive contempt sanctions. *Silva*, 166 Wn.2d at 141.

The first question here is whether the sanctions imposed by the court were remedial or punitive. In determining whether sanctions are punitive or remedial, we look to whether the sanctions have a coercive effect, meaning determining whether "the contemnor is able to purge the contempt." *In re Dependency of A.K.*, 162 Wn.2d 632, 646, 174 P.3d 11 (2007) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994). If the contemnor can purge the contempt, then the sanctions are viewed as remedial. *See In re Dependency of A.K.*, 162 Wn.2d at 646.

Here, the trial court ordered the Department to pay $500 from the date that Diaz was originally supposed to be admitted for evaluation until the date Diaz was actually admitted. The court's order did not allow the Department to purge the contempt. Because the court's sanctions were used to punish past conduct and the Department had no opportunity to purge the contempt, the court's sanctions were punitive. Because the trial court imposed punitive sanctions, we next look to whether the trial court met the requirements for imposing punitive sanctions.

A court may punish a past contemptuous act with a fine and/or imprisonment. *See* RCW 7.21.050(2). Because of due process concerns, RCW 7.21.040 provides a procedure to ensure that a party facing such a sanction actually committed the contemptuous act. *See In re M.B.*, 101 Wn. App. 425, 453, 3 P.3d 780 (2000). Unless the contemptuous act occurred in the presence of a judge certifying the same, the procedure requires the county prosecutor or city attorney to file a complaint or an information, and for a trial to occur before a neutral judge. *See* RCW 7.21.040(2), .050(1); *see also In re Mowery*, 141 Wn. App. 263, 276, 169 P.3d 835 (2007). Without following such procedures, a court lacks the authority to impose punitive sanctions. *See State v. Sims*, 1 Wn. App. 2d 472, 480, 406 P.3d 649 (2017), *review granted*, 190 Wn.2d 1012 (2018).

Here, the contemptuous act did not occur in the presence of the judge, and the State did not file the required pleading to seek punitive sanctions. Thus, the trial court did not afford the Department the required procedure. RCW 7.21.040(2), .050(1). For this reason, the trial court lacked authority to impose punitive sanctions.

Because the trial court did not follow the procedures required to enforce punitive contempt sanctions under RCW 7.21.040, the trial court improperly imposed punitive sanctions against the Department.[3]

CONCLUSION

Because the trial court imposed punitive sanctions but failed to follow the required procedures needed to impose punitive sanctions, the trial court erred. We accept the State's concession and reverse the trial court's order imposing punitive sanctions, and remand to the trial court to enter a judgment reflecting the appropriate amount of remedial sanctions.

---

[3] The Department also appears to alternatively argue that even under the court's inherent contempt authority, the trial court was unable to impose punitive sanctions against the Department. The State does not address the court's inherent contempt authority in its brief.

Courts are vested with an "inherent contempt authority," which allows courts to impose sanctions independently, so long as appropriate due process protections are provided. *See A.K.*, 162 Wn.2d at 645. Inherent contempt authority is separate from statutorily granted contempt power. *A.K.*, 162 Wn.2d at 645. In order to employ its inherent contempt authority, the courts must find the legislatively prescribed procedures and remedies inadequate. *See A.K.*, 162 Wn.2d at 647. A court improperly uses its inherent power when it fails to focus on the adequacy of the statutory scheme and instead focuses on coerciveness. *See Mowery*, 141 Wn. App. at 284.

Here, the court did not properly use its inherent contempt authority. There is no evidence in the record that the court addressed the available statutory remedies and procedures. The court's statement that the legislature did not "seem to be doing anything to cure the problem" does not suffice as evidence that the court exhausted statutory requirements for imposing punitive sanctions. VRP at 6. Instead, the court's comments seem to be referring to the Department's inability to comply with the order, which is focused on coerciveness, not statutory remedies and procedures.

Therefore, we agree with the Department that the trial court failed to properly employ its inherent contempt authority in imposing punitive sanctions against the Department.

No. 51707-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Bjorgen, J.